# GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

DANIEL TAPETILLO    SBN 297658
KIMBERLY CASPER     SBN 333896

Attorneys for Plaintiffs *GARY BLACKWELL and SHANNON LUELLEN*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY BLACKWELL, an individual; and SHANNON LUELLEN, an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF BEAUMONT, a public entity; OFFICER ANTHONY BECERRA, an individual, OFFICER FABIAN SALINAS, an individual; OFFICER JESSICA RODRIGUEZ, an individual; OFFICER KEVIN NGUYEN, an individual; OFFICER ANTHONY ROJAS; an individual, SERGEANT RANDALL MARSH; an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | **CASE NO.:** <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. **ASSAULT** <br> 2. **BATTERY** <br> 3. **NEGLIGENCE;** <br> 4. **WRONGFUL DEATH;** <br> 5. **VIOLATION OF CIVIL CODE § 52.1** <br> 6. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)** <br><br> <u>**DEMAND FOR JURY TRIAL**</u> <br><br> *CIVIL - UNLIMITED* |

- 1 -
COMPLAINT FOR DAMAGES

# INTRODUCTION

1. Plaintiffs Gary Blackwell and Shannon Luellen (collectively "Plaintiffs") hereby bring this Complaint for Damages against the City of Beaumont and Officers Anthony Becerra, Fabian Salinas, Jessica Rodriguez, Kevin Nguyen, Anthony Rojas, Sergeant Randall Marsh, and DOES 1 through 10 (collectively "Defendants"). The Complaint arises out of Defendants' reckless and unreasonable use of force to detain Garrett Blackwell ("Decedent" or "Garrett").

2. On or about January 14, 2023, at approximately 12:30 a.m. officers with the Beaumont Police Department responded to a 911 call regarding a noise complaint from a white 2018 Ford F-150 truck—owned and operated by a 19-year-old Garrett.

3. Upon encountering the decedent's vehicle, Defendants began pursuing the white truck. Defendants continued to follow the truck until decedent turned down a road with no exit. Consequently, decedent was forced to make a U-turn and try to exit the same way he entered.

4. As decedent approached the intersection, Defendants had positioned their vehicles to block Garrett's exit.

5. On information and belief, Garrett tried to drove past all of the officers' stationary vehicles and unintentionally struck one of the Defendants vehicles. Garrett then reversed the vehicle and then tried attempted to drive past the officers once again.

6. On information and belief, as Garrett tried to exit, he unintentionally clipped another vehicle. At that point, Defendant officers started to open fire on the vehicle—killing Garrett.

7. These civil rights and state law claims seek compensatory and punitive damages from Defendants for violating various rights under the U.S. Constitution and state law in connection with Defendants' unlawful shooting and killing of decedent Garret Blackwell on January 14, 2023.

8. The foregoing conduct amounts to tortious conduct under common law, the laws of the State of California pursuant to Gov't Code §§ 815.2(a) and 820(a), and Cal. Civil

Code § 52.1, as well as violations of Plaintiffs' Civil Rights pursuant to 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

9.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

10.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

11.    At all relevant times, GARY BLACKWELL ("PLAINTIFF") was an individual residing in Beaumont, California, located in the County of Riverside and is the natural father of Decedent Garrett Blackwell. Plaintiff sues both in his individual capacity as the father of Decedent and in a representative capacity as a successor-in-interest to Decedent.

12.    At all relevant times, SHANNON LUELLEN ("PLAINTIFF") was an individual residing in Venus, Texas and is the natural mother of Decedent Garrett Blackwell. Plaintiff sues both in her individual capacity as the mother of Decedent and in a representative capacity as a successor-in-interest to Decedent.

13.    Defendant CITY OF LOS BEAUMONT ("CITY") is, and at all relevant times was, a governmental entity organized and existing under the laws of the State of California in the County of Riverside, California.

14.    The CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Beaumont Police

Department ("BPD"), its agents and employees, and the OFFICERS. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the BPD and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants DOES 1 through 10.

15. Defendant OFFICER ANTHONY BECERRA, at all relevant times, was a police officer acting in the course and scope of his employment with the CITY, BPD, under the color of authority.

16. Defendant OFFICER FABIAN SALINAS, at all relevant times, was a police officer acting in the course and scope of his employment with the CITY, BPD, under the color of authority.

17. Defendant OFFICER JESSICA RODRIGUEZ, at all relevant times, was a police officer acting in the course and scope of his employment with the CITY, BPD, under the color of authority.

18. Defendant OFFICER KEVIN NGUYEN, at all relevant times, was a police officer acting in the course and scope of his employment with the CITY, BPD, under the color of authority.

19. Defendant OFFICER ANTHONY ROJAS, at all relevant times, was a police officer acting in the course and scope of his employment with the CITY, BPD, under the color of authority.

20. Defendant SERGEANT RANDALL MARSH, at all relevant times, was a police officer acting in the course and scope of his employment with the CITY, BPD, under the color of authority.

21. The true names and/or capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 10 are unknown to Plaintiffs at this time and therefore Plaintiffs file this Complaint against said DOE Defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint when the true names and capacities of said DOE Defendants are ascertained.

22. On information and belief, Defendants DOES 1–10 are managerial, supervisorial, and policymaking employees of the City and BPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the City and Beaumont Police Department. DOES 1–10 were acting with the complete authority and ratification of their principal, Defendant CITY.

23. Plaintiffs are informed and believe, and based upon such information and belief allege, that each Defendant and Defendants sued herein as DOES 1 through 10 are contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event, or happening set forth in this Complaint.

24. Each principal defendant and/or defendant employer herein had advance knowledge, warning of unfitness of each defendant, agent, and/or employee/employer council member, and intentionally employed each such agent and/or employer with a conscious disregard, authorization, ratification, or other legal violation. Said employment and retention was in furtherance of the employer's business and was carried out by the police chief, assistant chiefs, captains, managers, executives, officers, directors, or managing agents of the municipality or other entity.

25. Collectively, City, Sergeant Marsh, Officers Becerra, Salinas, Rodriguez, Nguyen, Rojas, and all DOE defendants are discussed herein as part of the "Defendants."

26. In doing the acts and failing and omitting to act as hereinafter described, all Defendants were acting on the implied and actual permission and consent of all other Defendants including City.

27. Plaintiffs will ask leave of court to amend this complaint to show the true names and capacities of such Defendants when the same are ascertained. Plaintiffs are informed and believe, and thereupon allege that each of these Defendants engaged in intentional conduct and were acting with the specific intent to cause harm of Garrett Blackwell, and are responsible in some manner for the occurrences, acts, omissions and other conduct herein alleged, and that plaintiffs' damages as herein alleged were directly and legally (proximately) caused by Defendants' actions.

**FACTUAL BACKGROUND**

28. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs on this complaint, as though fully set forth herein.

29. On January 14, 2023, Decedent and his two friends, James Pietronico ("Pietronico") and Braiden Boedhart ("Goedhart"), went "off-roading" on public land near Beaumont, California. While "off-roading," the three men were neither trespassing nor committing any other reported crimes. The Decedent was driving, while Pietronico was seated in the front passenger seat, and Goedhart was seated in the backseat.

30. While the three were driving home, a BPD vehicle began pursuing the vehicle.

31. The Decedent continued to drive and eventually drove down a poorly lit Xenia Ave. and Sixth St.—a street that was well-known by law enforcement to be a dead-end.

32. On information and belief, and as expected by law enforcement, Decedent reached the dead-end and was forced to make a U-turn. Decedent then turned around and drove back towards the corner of Xenia Ave. and Sixth St.

33. By the time the Decedent drove back to Xenia Ave. and Sixth St., law enforcement had positioned their vehicles to purposely and intentionally block the Decedent's exit.

34. The front windshield, the driver's side window, and the front passenger side window of the vehicle were not tinted, affording Defendants a clear view into the vehicle.

35. On information and belief, as Decedent approached all the officers' vehicles that were strategically placed to prevent the Decedent's exit, Decedent saw a gap between two of the officers' vehicles and attempted to exit.

36. On information and belief, as Decedent approached the gap between two of the officers' vehicles, Decedent unintentionally struck one of them as he tried to exit.

37. On information and belief, Decedent then became distraught and overwhelmed as he became trapped by the multiple vehicles that were strategically placed to block his exit and pulled the truck in reverse.

38. On information and belief, Decedent then shifted his truck back into drive and

1  immediately tried to drive towards the only available gap that was near the exit sign on the
2  corner of Xenia Ave. and Sixth St. at approximately 15 m.p.h.

3  39. On information and belief, as Decedent went towards the only available gap,
4  Decedent clipped one of the officers' vehicles that was strategically placed to prevent his exit.

5  40. Once Decedent's vehicle made contact with the second officer vehicle, the
6  Defendant officers immediately began to open-fire and utilize lethal force—intending to
7  strike Decedent.

8  41. Decedent was struck by the officers' bullets six times—one to the head, two to
9  the torso, one to his left forearm, and two to his left lower extremity—causing him to slump
10 over, which in turn caused the vehicle to accelerate into one of the officers' vehicles, which,
11 on information and belief, was not occupied by anyone at the time.

12 42. Decedent died as a result of the six gunshot wounds.

13 43. One of the passengers, Pietronico, was also struck by the officers and began to
14 bleed profusely as a result of his gunshot wounds.

15 44. Prior to the shooting, OFFICER SALINAS exited his vehicle that was
16 strategically placed to block Decedent from exiting. As Decedent attempted to exit the corner
17 of Xenia Ave. and Sixth St., OFFICER SALINAS fired off three rounds from his handgun
18 and aimed towards the driver's side door. OFFICER SALINAS did not stop firing until he
19 saw the Decedent slumped over the steering wheel.

20 45. Prior to the shooting, OFFICER BECERRA exited his vehicle that was
21 strategically placed to block Decedent from exiting. As Decedent attempted to exit the corner
22 of Xenia Ave. and Sixth St., OFFICER BECERRA fired his handgun at Decedent 1-3 times.
23 OFFICER BECERRA then inexplicably fired his handgun 10-15 times at the driver door
24 area. OFFICER BECERRA did not stop firing until he saw smoke coming from the
25 decedent's vehicle and heard another officer yell "cease fire.

26 46. Prior to the shooting, OFFICER RODRIGUEZ was in the passenger seat of the
27 officer vehicle being driven by OFFICER NGYUEN. OFFICER RODRIGUEZ remained in
28 the vehicle until her partner, OFFICER NGYUEN drove his vehicle until it came "bumper to

1 bumper" with Decedent's vehicle. OFFICER RODRIGUEZ then exited the vehicle and fired her handgun six times and did not stop until she heard "cease fire" and saw the Decedent "slanted over."

47. Prior to the shooting, OFFICER NYGUEN pursued Decedent's vehicle until his vehicle came "bumper to bumper" with Decedent's vehicle. OFFICER NYGUEN then exited the vehicle and fired five to six rounds from his handgun at the driver's side door and kept firing until the Decedent leaned back in his seat and remained motionless. OFFICER NYGUEN then yelled "cease fire" to his fellow officers.

48. Prior to the shooting, OFFICER ROJAS exited his vehicle that was strategically placed to block Decedent from exiting. As Decedent attempted to exit the corner of Xenia Ave. and Sixth St., OFFICER ROJAS fired his handgun towards' the Decedent's vehicle until another officer yelled "cease fire."

49. Prior to the shooting, SERGEANT MARSH exited his vehicle that was strategically placed to block Decedent from exiting. As Decedent attempted to exit the corner of Xenia Ave. and Sixth St., SERGEANT MARSH saw the Decedent's "panicked look." SERGEANT MARSH then fired his handgun towards' the Decedent's vehicle twice. until another officer yelled "cease fire."

50. At no point prior to, during, or after the shooting did Decedent or any of the passenger's inside of the Decedent's vehicle verbally threaten to harm anyone or attempt to harm anyone.

51. At all times in the leadup to and during the shooting, neither the Decedent, or any of the passengers inside of Decedent's vehicle pose a threat of death or serious bodily harm to any of the Defendant Officers, DOE OFFICERS or anybody else, and Defendants had other reasonable options available to them besides open firing on the vehicle.

52. At all relevant times, Defendant officers, DOE OFFICERS acted within the course and scope of their employment with CITY and the BPD and acted under color of California law.

53. On information and belief, several minutes passed before medical assistance

was summoned by DOE OFFICERS, despite Decedent's and Peitronico's obvious bullet wounds and urgent medical needs—causing further injuries and death of the Decedent.

54. As a result of the six gunshot wounds, Decedent died on January 16, 2023.

55. On July 24, 2023, Plaintiff filed a late claim for damages with the CITY pursuant to applicable sections of the California Government Code.

56. On August 24, 2023, Plaintiffs received a denial of application for leave to present late claim.

57. Plaintiffs filed their civil petition for relief from section 945.4's requirements within six months after the application to the public entity was denied by the CITY.

58. On March 21, 2024, the Honorable Joshua Knight of the Superior Court of California, County of Riverside, issued an order granting Plaintiffs civil petition for relief, with a formal order being issued on April 4, 2024.

## FIRST CLAIM FOR RELIEF
## ASSAULT
### (*Plaintiffs against All Defendants*)

59. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

60. Defendants intended to cause harmful or offensive contact with Garrett.

61. Garrett reasonably believed that he was about to be touched in a harmful or offensive manner by Defendants.

62. Garrett did not consent to Defendants' conduct.

63. Garrett was harmed and injured by Defendants' conduct.

64. Defendants' conduct was a substantial factor in causing Garrett to suffer injuries and incur harm, and Garrett later died because of Defendants' conduct.

65. Plaintiffs are thus entitled to damages incurred to Garrett before his death, and their own claims for wrongful death, economic and non-economic damages, and costs. The specific amounts will be determined during the trial and will surpass the minimal

1  jurisdictional limit to this court.

2  66.  The aforementioned acts of said Defendants were willful, wanton, malicious, and oppressive. Such misconduct is highly reprehensible and warrants the awarding of exemplary and punitive damages against Defendants in an amount suitable to punish and set an example of said Defendants.

### SECOND CLAIM FOR RELIEF

### BATTERY

### (*Plaintiffs against all Defendants*)

67.  Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

68.  Defendants touched and caused Garrett to be touched with the intent to harm.

69.  Garrett did not consent to the touching.

70.  Defendant was harmed by Defendants intentional and malicious touching. As a direct and legal result of the intentional actions of the Defendants, on January 14, Garrett suffered from six gunshot wounds—one to the head, two to the torso, one to his left forearm, and two to his left lower extremity. Garrett died as a result of these injuries on January 16, 2023.

71.  Plaintiffs are thus entitled to damages incurred to Garrett before his death, and their own claims for wrongful death, economic and non-economic damages, and costs. The specific amounts will be determined during the trial and will surpass the minimal jurisdictional limit of this court.

72.  The aforementioned acts of said Defendants were willful, wanton, malicious, and oppressive. Such misconduct is highly reprehensible and warrants the awarding of exemplary and punitive damages against the Defendants in an amount suitable to punish and set an example of said Defendants.

///

///

# THIRD CLAIM FOR RELIEF

## VIOLATION OF CIVIL CODE § 52.1

**(*Plaintiffs against all Defendants*)**

73. Plaintiffs reallege and incorporate by reference the allegations contained in all preceding paragraphs of this complaint, as though fully set forth herein.

74. Defendants, acting within their scope of their duties as City of Beaumont employees, caused injuries to Plaintiff.

75. Defendant City of Beaumont is hereby liable for the acts, omissions, and conduct of its employees, including Defendants herein, whose conduct was a cause in the injury to Plaintiff, pursuant to California Government Code § 815.2.

76. The conduct of Defendants constituted interference by threats, intimidation, or coercion, or attempted interference, with the exercise of enjoyment by Plaintiff's rights secured by the Constitution of laws of the United States, or secured by the Constitution or laws of the State of California, including interference with their right to be secure in his person and free from the use of excessive force under the Fourth Amendment and Cal. Const. Art. 1 sec. 13, as well as Cal. Civ. Code § 43, and the right of protection from bodily restraint and harm.

77. As a direct cause of Defendants' conduct, Garrett was harmed and killed.

78. The Defendant's conduct was a substantial factor in causing Garrett harm, injuries, and eventual death.

79. The aforementioned acts of said Defendants were willful, wanton, malicious, and oppressive and said misconduct shocks the conscience thereby justifying the awarding of exemplary and punitive damages to all non-municipal Defendants.

80. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees. Pursuant to California Civil Code § 52.1, Plaintiffs are entitled to recover said fees.

///

///

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS – 42 U.S.C. §1983

**(*Plaintiff against all Defendants*)**

81. Plaintiffs reallege and incorporate by reference the paragraphs and allegations contained in all the preceding paragraphs of this complaint, as though fully set forth herein.

82. At all times material to this Complaint, Defendants were acting under color of the law in violating Plaintiff's constitutional rights as herein alleged under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States. The First, Fourth, and Fourteenth Amendments are made applicable to the States pursuant to 42 U.S.C. §1983.

83. Plaintiff has a constitutional right to be free from the use of excessive force by law enforcement officers. Defendant Officers and Does 1-10 caused injuries with the use of force against Plaintiff's person which was unnecessary, excessive or unreasonable, and thereby deprived Plaintiff of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States.

84. Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial.

85. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C §1988.

86. The individual defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the First, Fourth, and Fourteenth Amendments to the United States Constitution and California Civil Code Section 3333, by intentionally causing him injury which led to death. Such conduct constitutes malice, oppression and/or fraud under California Civil Code Section 3294, entitling Plaintiff to punitive damages against the individual defendants in an amount suitable to punish and set an example of said Defendants.

///

///

# FIFTH CLAIM FOR RELIEF

## WRONGFUL DEATH

***(Plaintiff against all Defendants)***

87. Plaintiffs reallege and incorporate by reference the paragraphs and allegations contained in all the preceding paragraphs of this complaint, as though fully set forth herein.

88. Pursuant to Cal. Government Code §§ 815.2, 815.3, Defendant CITY is liable for the acts and/or omissions of DEFENDANT OFFICERS and DOE OFFICERS since those acts were committed in the course and scope of employment.

89. The actions of Defendants CITY and DOES 1 - 10 and each of them, were carried out under color of authority as the City of Beaumont officers were acting within the course and scope of their employment at all relevant times.

90. On or about January 14, 2023, while serving as peace officers for the City of Beaumont, Defendants engaged in violent actions approved by their employer, the City of Beaumont. Utilizing the training tactics provided by the department, the Defendants deliberately inflicted lethal harm upon Garrett without justification.

91. As a direct, legal, and proximate result of the tragic acts or omissions of the Defendants, Plaintiff has sustained pecuniary and non-pecuniary damages resulting from the loss of society, comfort, companionship, attention, services, and support of the decedent. The value of these damages exceeds the jurisdictional limit of the court and will be established through evidence during the trial.

92. As a further direct, legal, and proximate result of the acts or omissions committed by the mentioned defendants, Plaintiff has incurred special damages that exceed the jurisdictional threshold of this Court. These damages include the funeral and burial damages related to Garrett's death, which will be substantiated with evidence during the trial.

93. As a further legal, direct, and proximate result of the Defendants' acts or omissions, Plaintiff has sustained pecuniary damages due to the absence of the deceased individual's anticipated financial and household contributions that would have been reasonably expected if he had not been killed.

94. The actions described above, carried out by the mentioned defendants, were willful, wanton, malicious, and oppressive. This misconduct is extremely egregious and morally offensive, which warrants the granting of exemplary and punitive damages as to all non-municipal defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs GARY BLACKWELL and SHANNON LUELLEN pray for judgment as follows:

1. For general damages in an amount to be determined by proof at trial;
2. For special damages in an amount to be determined by proof at trial;
3. For punitive and exemplary damages against Defendants;
4. For costs of suit;
5. For reasonable attorney's fees and costs as provided by statute; and
6. For such other and further relief as the Court deems just and proper.

**DATED**: April 22, 2024                              **GERAGOS & GERAGOS, APC**

                                                       By: __/s/ Daniel Tapetillo_____
                                                              DANIEL TAPETILLO
                                                              KIMBERLY CASPER
                                                              Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs GARY BLACKWELL and SHANNON LUELLEN hereby demand a jury trial.

**DATED**: April 22, 2024                              **GERAGOS & GERAGOS, APC**

                                                       By: __/s/ Daniel Tapetillo_____
                                                              DANIEL TAPETILLO
                                                              KIMBERLY CASPER
                                                              Attorneys for Plaintiffs